UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

Plaintiff,

    v.                                         CASE NO.: 6:08-cr-23l-Orl-28KRS

AEM, INC., d/b/a MIRABILIS HR,
HOTH HOLDINGS, LLC, and
MIRABILIS VENTURES, INC.

Defendants.

**UNITED STATES' UNOPPOSED MOTION TO CONTINUE TRIAL
AS TO DEFENDANTS AEM, INC., HOTH HOLDINGS, LLC,
<u>AND MIRABILIS VENTURES, INC.</u>**

COMES NOW, the UNITED STATES OF AMERICA (hereinafter the "United States"), by and through its undersigned counsel, and hereby moves this Court to continue the trial in this matter until a date certain during the September 2010 trial term (after September 7, 2010), and in support thereof, states as follows:[1]

    1.    Defendants AEM, INC., d/b/a MIRABILIS HR, and MIRABILIS VENTURES, INC. were arraigned on December 17, 2008, and defendant HOTH HOLDINGS, LLC was arraigned on February 24, 2009. Defendants AEM, INC., d/b/a MIRABILIS HR, and MIRABILIS VENTURES, INC. were originally set for trial on February 1, 2009.

---

[1] In its trial calendar, this Court lists the estimated length of the trial at five days. The original estimate of trial time was twenty days. Realistically, it now appears that this case could go as long as forty trial days.

2. On January 23, 2009, the parties moved the Court for a continuance of the trial (Dkt. 26), and the Court entered its Order continuing the trial for Defendants AEM, INC., d/b/a MIRABILIS HR, and MIRABILIS VENTURES, INC. for the trial term commencing May 4, 2009 (Dkt. 37).

3. On February 24, 2009, defendant HOTH HOLDINGS, LLC was arraigned and trial was set for April 6, 2009 (Dkt. 54).

4. Since all of the claims brought against these Defendants are intertwined each with the other, on March 19, 2009, the Government and each of the Defendants moved to consolidate the parties for purposes of trial, and requested the Court to reschedule defendant HOTH HOLDINGS, LLC's trial from April 6, 2009 to the May 4, 2009 trial date (Dkt. 56).  The Court granted the parties' joint motion on March 23, 2009 (Dkt. 59).

5. On April 24, 2009, the parties moved the Court to continue the trial until the June 1, 2009 trial term (Dkt. 63), and the Court granted the parties' joint motion on April 28, 2009 (Dkt. 67).

6. On May 26, 2009, the parties moved the Court to continue the trial until the July 1, 2009 trial term (Dkt. 73), and the Court granted the parties' joint motion on May 27, 2009 (Dkt. 74).

7. On June 24, 2009, the parties moved the Court to continue the trial until the September 2009 trial term (Dkt. 79), and the Court granted the parties' joint motion on July 8, 2009 (Dkt. 81).

8. On August 21, 2009, the parties moved the Court to continue the trial until the November 2009 trial term (Dkt. 85), and the Court granted the parties' joint

motion at the status conference on August 28, 2009 (Dkt. 86), continuing the trial until November 23, 2009.

9. On November 19, 2009, the parties moved the Court to continue the trial until the January 2010 trial term (Dkt. 102), and the Court granted the parties' joint motion on November 20, 2009 (Dkt. 103), continuing the trial until the January 2010 trial term.

10. On January 6, 2010, the parties moved the Court to continue the trial until the April 2010 trial term (Dkt. 116), and the Court granted the motion on January 8, 2010 (Dkt. 118), continuing the trial until the April 2010 trial term.

11. On March 22, 2010, the parties moved the Court to continue the trial until the May 2010 trial term (Dkt. 124), and the Court granted the motion on March 25, 2010 (Dkt. 127), continuing the trial until the May 2010 trial term.

12. All of the continuances were granted based upon the understanding that the United States and the defendants would reach a plea agreement. The parties have diligently pursued a plea agreement from the very beginning of this case. In fact, the United States and the defendants did reach a tentative plea agreement which would have allowed the defendants to plead no contest to some of the charges in the Indictment. Before the plea agreements were signed, however, the United States realized that a no contest plea requires the approval of both the United States Attorney and the United States Department of Justice. The appropriate approval was sought but has been denied. As a result, this case must proceed to trial.

13. The United States, believing that this case would resolve with a plea, is not ready to proceed to trial. Approximately fifty to sixty witnesses will testify and there

are approximately one hundred hours of videotape and approximately five hundred thousand pages of documents which have to be prepared for presentation. It is physically impossible to prepare the witnesses and documents for trial during this trial term. More realistically, such preparation will be difficult to do in less than three months. Additionally, undersigned counsel's wife is having hip replacement surgery on May 5, 2010, and undersigned counsel will effectively be out of the office for the week during his wife's hospitalization. It is also expected that undersigned counsel will have to spend approximately one month assisting his wife after his wife returns home, which will not allow undersigned counsel to spend the hours necessary for a trial of this magnitude. Undersigned counsel is also scheduled to be out of the district on business from June 28, 2010 until July 2, 2010 and is scheduled to be on his annual family vacation (which has been planned for more than one year) from July 23, 2010 until August 6, 2010.

14. Bill Cuthill, the corporate representative for all three defendants, has the following scheduled obligations:

    a.    May 10-13:  Mediation and depositions

    b.    May 17-19:  Document productions

    c.    May 25-28:   Depositions and meetings

    d.    June 29:   Meeting

    e.    July 22:   Bankruptcy Court hearing

    f.    July 26 to September 7:  Vacation

15. Lee Barrett, defense counsel for all three defendants, has obligations at the Florida Bar Convention and the FACDL Convention, both of which are in June. He

is giving a Memorial at the FACDL Convention and is a member of the Civil Rules Committee of the Florida Bar.

16. This Motion is not brought for the purpose of harassment or delay.

17. Undersigned counsel has contacted counsel for the defendants, who states that he has no objection to the Court granting the instant motion.

WHEREFORE, the United States respectfully request this Honorable Court to continue the trial until a date certain during the September 2010 trial term (after September 7, 2010), or at a later date as this Court may deem proper.

Respectfully submitted,

A. LEE BENTLEY, III
Attorney for the United States,
Acting Under Authority Conferred by
  28 U.S.C. § 515

By: *s/ I. Randall Gold*
I. Randall Gold
Assistant United States Attorney
Fla. Bar No. 0268062
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:  (407) 648-7500
Facsimile:  (407) 648-7643
E-mail:  randy.gold@usdoj.gov

5

**U.S. v. AEM, INC., d/b/a MIRABILIS HR, *et al.*     Case No. 6:08-cr-231-Orl-28KRS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 4,, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

> AEM, INC., d/b/a Mirabilis HR
> MIRABILIS VENTURES, INC.
> HOTH HOLDINGS, LLC
> c/o Richard Lee Barrett, Esquire
> 18 Wall Street
> Orlando, FL   32801

I hereby certify that on May 4, 2010, a true and correct copy of the foregoing document and the notice of electronic filing was sent by U.S. Mail to the following non-CM/ECF participant:

> N/A

*s/ I. Randall Gold*
Assistant United States Attorney
Deputy Chief, Orlando Division
Florida Bar Number 0268062
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:   (407) 648-7643
E-mail:   randy.gold@usdoj.gov

6